G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiff,
TANESHA TRAVIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANESHA TRAVIS,<br><br>     Plaintiff,<br><br>vs.<br><br>CONSUMER PORTFOLIO SERVICES, INC.; and DOES 1 to 10, inclusive,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff TANESHA TRAVIS an individual consumer, against defendant CONSUMER PORTFOLIO SERVICES, INC. (hereinafter referred to as "CONSUMER PORTFOLIO " or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') and the Rosenthal

Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code §§ 1788.30, and 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, TANESHA TRAVIS is a consumer, a natural person allegedly obligated to pay any debt, residing in Sacramento County in the State of California.

4. Defendant, CONSUMER PORTFOLIO SERVICES, INC. is a corporation engaged in the business of collecting debt in this state with its headquarters located at 16355 Laguna Canyon Road, Irvine, California 92618. The principal purpose of Defendant is the collection of debts throughout the United States and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts

alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

## FACTS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at her place of employment after being informed that Plaintiff's employer does not allow such communication.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's mother, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's co-worker, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

11. Defendant constantly and continuously calls Plaintiff in an attempt to collect an alleged debt, and has succeeded in annoying and harassing her.

12. On at least one occasion, Defendant has failed to identify itself as a debt collector in a subsequent communication, and by doing so, has engaged in false and deceptive means in attempting to collect a debt.

13. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, amongst other negative emotions.

## COUNT I – FDCPA

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    i)    15 U.S.C. §1692c(a)(3);

    ii)    15 U.S.C. §1692c(b);

    iii)    15 U.S.C. §1692d(5);

    iv)    15 U.S.C. §1692d(6);

  v)  15 U.S.C. §1692e(10);

  vi)  15 U.S.C. §1692e(11).

16. Sections 1692c(a)(3) and c(b) state in pertinent part that:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**

**...**

**(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.**

**...**

**(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 1692b of this title, without prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

17. Sections 1692d(5) and d(6) state in pertinent part that:
**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**...**

**(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**
**(6) The placement of telephone calls without meaningful disclosure of the caller's identity.**

18. Sections 1692e(10) and e(11) state in pertinent part that:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ...
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff TANESHA TRAVIS for actual damages, statutory damages, and costs and attorney fees.

## COUNT II – RFDCPA

20. Plaintiff TANESHA TRAVIS repeats and realleges and incorporates by reference the foregoing paragraphs.

21. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to the following:

      i)    Cal. Civ. Code §1788.10(c);

      ii)   Cal. Civ. Code §1788.11(b);

      iii)  Cal. Civ. Code §1788.11(d);

   iv) Cal. Civ. Code §1788.11(e);

   v) Cal. Civ. Code §1788.17.

22. Cal. Civ. Code § 1788.10(c) states in pertinent part that:

**No debt collector shall collect or attempt to collect a consumer debt by any means of the following conduct:**
**...**
**(c) The communication of, or threat to communicate to any person the fact that a debtor has engaged in conduct, other than the failure to pay a consumer debt, which the debt collector knows or has reason to believe will defame the debtor.**

23. Cal. Civ. Code §§ 1788.11(b), (d) and (e) state in pertinent part that:

**No debt collector shall attempt to collect a consumer debt by means of the following practices:**
**...**
**(b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents;**
**...**
**(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or**
**(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

24. Cal. Civ. Code § 1788.17 states in pertinent part that:

**Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The**

**references to federal codes in this section refer to those codes as they read January 1, 2001.**

25. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff TANESHA TRAVIS for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff TANESHA TRAVIS respectfully requests that judgment be entered against defendant Palisades Collection, LLC for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Cal. Civ. Code § 1788.30.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

E. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: July 13, 2012     **PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TANESHA TRAVIS demands trial by jury in this action.

- 9 -
COMPLAINT